UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH JABIR POPE, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIVIL ACTION <br> ) NO. 14-14373-WGY |
| JOHN LEWIS, | ) <br> ) |
| Defendant. | ) <br> ) |

ORDER

YOUNG, D.J.                                                December 29, 2014

On November 24, 2014, Joseph Jabir Pope, who is incarcerated at MCI Norfolk, filed a pro se motion for immediate injunctive relief to prevent alleged copyright infringement of a motion picture.  He did not file a complaint.  He also did not pay the $400 filing fee or seek leave to proceed without prepayment of the filing fee.  In a letter to the Clerk, Pope represented that the suit was "being developed for filing and shall without any other delay be filed with this Court within the next sixty (60) days."

In an electronic order dated December 18, 2014, the Court denied the motion for preliminary injunctive relief but placed the case on the running trial list three months after the issue is joined.

Accordingly, the plaintiff shall, within forty-two (42) days of the date of this order:

1. File a complaint; and

2. Pay the $400 filing fee or seek leave to proceed

without prepayment of the filing fee by filing (a) an Application to Proceed in District Court Without Prepaying Fees or Costs (often called a motion to proceed <u>in forma pauperis</u>); and (b) a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2)

The Court notes that if the plaintiff is allowed to proceed without prepayment of the filing fee, he will still be required to pay a $350 filing fee over time.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, <u>see</u> 28 U.S.C. § 1915(e)(2), the plaintiff remains obligated to pay the filing fee, <u>see</u> <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Failure to timely file a complaint or resolve the filing fee will result in dismissal of this action without prejudice.
SO ORDERED.

                                       /s/ William G. Young
                                      WILLIAM G. YOUNG
                                      UNITED STATES DISTRICT JUDGE