UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH JABIR POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-14373-ADB |
| | ) | |
| JOHN LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

May 1, 2018

DEIN, U.S.M.J.

For the reasons stated below, the Court DENIES WITHOUT PREJUDICE the plaintiff's motion for assistance in collecting the money judgment entered in his favor in this action.

**I.    Background**

In this action, plaintiff Joseph Jabir Pope ("Pope") prosecuted a claim of copyright infringement against John Lewis ("Lewis"). According to Pope, he was the sole owner of the copyright to a documentary film. Pope claimed that Lewis, Pope's former friend and fellow inmate, infringed upon Pope's copyright by posting the film on the internet and promoting the work as his own. Although Lewis responded to Pope's complaint, he subsequently failed to appear in court, notify the court of his whereabouts, or demonstrate an intent to engage in the defense of this action. Default was entered against Lewis. On September 13, 2017, the Court entered a default judgment against Lewis for $5,000 in damages and $350 in costs [ECF No. 68] and a permanent injunction enjoining Lewis from infringing on Pope's copyright [ECF No. 67].

On January 8, 2018, Pope filed a motion captioned as a "Motion for Execution of Order (Money Judgment) or Plaintiff Requests Enforcing a Judgment, as Said defendant Has Not Paid Judgment or Contacted Plaintiff" [ECF No. 71]. Pope represents that he does not know Lewis's location and that Lewis has refused mail Pope sent to him at his mother's address. Invoking Rule 69 of the Federal Rules of Civil Procedure, Pope asks that the Court intervene and assist him in obtaining his judgment from Lewis. He suggests that the United States Marshals Service enforce the judgment, and he states that Lewis could be easily found by the government because he is a registered sex offender. Referring to Rule 70 of the Federal Rules of Civil Procedure, Pope asks that, in the alternative, the Court place a lien on Lewis's mother's house, order that she pay the judgment, or order that someone other than Lewis be held responsible for the judgment. He also requests that Lewis be held in contempt and arrested.

**II.     Discussion**

Because the judgment Pope seeks to enforce is for money, Rule 69 of the Federal Rules of Civil Procedure governs his request. Under this rule, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).[1]

A writ of execution is "[a] court order directing a sheriff or other officer to enforce a judgment, usu[ally] by seizing and selling the judgment debtor's property. Black's Law

---

[1] Rule 70 of the Federal Rules of Civil Procedure is not relevant to the judgment entered in this action. Rule 70's application is limited to circumstances where the judgment "requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified." Fed. R. Civ. P. 70(a). The judgment Pope seeks to enforce is a money judgment and does not require Lewis to perform a "specific act."

Dictionary (10th ed. 2014), execution. Although the United States Marshals Service is charged with serving and enforcement writs of execution issued by federal district courts, *see* 28 U.S.C. § 1921(a)(1)(A), the judgment creditor (here, Lewis), has the burden of providing all relevant information for the writ of execution, including property to be seized and where the property is located. *See, e.g.*, *Smith v. Hayes*, C.A. No. 11-00221, 2013 WL 5438412, at *1 (S.D. Miss. Sept. 27, 2013) (where plaintiff's motion for a writ of execution "contemplates a writ of execution listing the amount of the underlying monetary judgment, but omitting any specific property that may be seized by the U.S. Marshal to satisfy the judgment," enforcement of the writ would be "impracticable"); 30 Am. Jur. 2d Executions, Etc. § 120 ("It is the responsibility of a judgment creditor to prepare a writ of execution, have it entered by the court clerk, see that it is delivered to the sheriff with instructions as to levying, and conduct discovery to locate and identify the property to be levied upon. The burden to identify specific debtor property subject to sale does not shift from the judgment creditor to the court clerk once the application for a writ of execution is submitted; rather, the responsibility to identify specific property for sale remains with the judgment creditor." (footnotes omitted)).

Where a judgment creditor does not have adequate information to prepare a proposed writ of execution, he may, in the aid of the judgment or execution, "obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Thus, while it is not the role of the Court or the United States Marshals Service to perform its own investigation to locate a judgment debtor and identify his assets, Pope has at his disposal federal and state law discovery tools to assist him in locating Lewis and his assets, including requests for production of documents, interrogatories, and depositions. Further, if Pope locates Lewis, he may commence a supplementary process procedure. Under

Massachusetts law, a judgment creditor may file an application for an action known as "supplementary process," whereby "a summons may issue, requiring the debtor to appear at a time and place named therein and submit to an examination relative to his or its property and ability to pay." M.G.L. ch. 224, § 14. Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure, this proceeding may be adjudicated in federal court. *See, e.g.*, *Aetna Cas. & Sur. Co. v. Rodco Autobody*, 965 F. Supp. 104 (D. Mass. 1996) (using Massachusetts supplementary process in post-judgment proceeding).

In conducting any post-judgment discovery, Pope must limit his search for assets to those that are owned by Lewis himself. In this action, the Court cannot order that property owned by someone other than Lewis be seized or encumbered to satisfy the judgment against him. Thus, the Court cannot grant Pope's request that a lien be put on the house of Lewis's mother or any other request that someone other than Lewis be required to satisfy his judgment.

## III. Conclusion

Accordingly, Pope's motion for the execution of judgment is DENIED WITHOUT PREJUDICE. Pope may avail himself of discovery tools to locate the Lewis and identify assets belonging to Lewis that can be used to satisfy the money judgment.

SO ORDERED.

                                        /s/ Judith Gail Dein  
                                        Judith Gail Dein  
                                        United States Magistrate Judge